■ In the Matter of the ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Appellant, v CURTIS KATZ et al., Respondents. — Order, Supreme Court, New York County, entered January 29, 1981, granting respondents' motion to vacate a prior order which had, *inter alia,* enjoined respondents from further sales of co-operative interests in an apartment building, unanimously reversed, on the law, on the facts and in the exercise of discretion, respondents' motion denied and the injunction reinstated, with costs. In July, 1980, this court affirmed the denial of respondents' motion to vacate this injunction without prejudice to a further motion to vacate, if the Attorney-General failed to proceed expeditiously *(Matter of Attorney-General of State of N.Y. v Katz,* 77 AD2d 501). The history of this appeal indicates

that in July, 1979, an offering plan was submitted in which the respondents stated that there was not an excess number of long-term vacancies (warehousing) of apartments in the subject building. Information later conveyed to the Attorney-General by certain occupants of these apartments resulted in a detailed investigation by the Attorney-General. The Attorney-General concluded that the figures submitted by the respondents concerning the number of vacancies were in error. In addition, there were misstatements of material facts and there was evidence that respondent Katz had failed to disclose the existence of a prior injunction which prohibited him from directly or indirectly engaging in the sale of securities, including co-operatives and condominiums. The Attorney-General also discovered that respondents engaged in conduct intended to harass tenants into vacating their apartments. The trial court vacated the injunction on the grounds that the Attorney-General had failed to institute a plenary action, expeditiously, as had been directed by this court. In light of the Attorney-General's ongoing and extensive investigation in this matter, this court is of the opinion that it would have been more appropriate for the trial court to consider vacating the stay, if the Attorney-General did not complete its investigation by a fixed date, and then promptly proceed with the plenary action. From all of the papers presented there is reasonable cause to believe that respondents engaged in fraudulent practices in their attempt to convert this rental building to a co-operative. Moreover, the Attorney-General instituted a plenary action pursuant to section 353 of the General Business Law some seven months after the prior order of this court. If the Attorney-General was denied a temporary restraining order and required to proceed with his plenary action, and should the Attorney-General prevail at the plenary action, it could, at best, be a "Pyrrhic Victory". At worst, a denial would result in irreparable damage to the occupants of the apartments in this building. Concur — Ross, J. P., Carro, Bloom, Fein and Lynch, JJ.